UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANTHONY FINCH,<br>      Plaintiff<br><br>   v.<br><br>VILLAGE OF SAUK VILLAGE, and DERRICK BURGESS, Mayor of Sauk Village,<br>      Defendants | No. 24 CV 4608<br><br>Judge Jeremy C. Daniel |

### ORDER

The defendants' motion to dismiss [28] is denied as to Count VIII and granted in all other respects. The defendants must answer the complaint by May 27, 2025. The plaintiff's motion for default [43, 44] is denied without prejudice. The May 6, 2025, hearing is stricken.

### STATEMENT

Plaintiff Anthony Finch brought this lawsuit against the defendants Village of Sauk ("Sauk") and Derrick Burgess, Mayor of Sauk, alleging a Title VII hostile work environment claim, 42 U.S.C. § 2000e *et seq.* (Count VII), a Title VII retaliation claim (Count IX), a Family and Medical Leave Act ("FMLA") claim (Count VIII), 29 U.S.C. § 2601 *et seq.*, and a slew of state law claims (Counts I–VI). (*See generally* R. 1.)[1] According to the complaint, the plaintiff began working for defendant Sauk in 2018 as Village Treasurer; he later served as the Public Works Director and Director of Operations. (*Id.* ¶¶ 6–7.) In his complaint, the plaintiff alleges that he "faced increasing hostility and unfounded allegations" from defendant Burgess. (*Id.* ¶ 9.) He alludes to an email that "show[s] [his] compliance with procedural requests" which also demonstrate "misplaced blame and increased tension," and a memo that "falsely alleged theft and mismanagement for fiscal year 2021, a period during which [the plaintiff] was not responsible[.]" (*Id.* ¶¶ 12–13.) The plaintiff characterizes this as a "hostile work environment." (*Id.* ¶ 16.) He also alleges that in April 2023, he "requested FMLA paperwork from Human Resources . . . which was refused[.]" (*Id.* ¶

---

[1] For ECF filings, the Court cites to the page number(s) set forth in the document's ECF header unless citing to a particular paragraph or other page designation is more appropriate.

17.) According to the plaintiff, he was fired on May 8, 2023 "without trustee consent," *i.e.*, the Board of Trustees voted not to terminate his employment. (*Id.* ¶¶ 19–20.)

The defendants moved to dismiss under Federal Rule of Civil Procedure 12(b)(6). (R. 28.) The plaintiff responded, (R. 32), but the defendants did not file a reply. While the motion to dismiss has been pending, the plaintiff also filed a motion for default judgment. (R. 43; R. 44.) That motion is denied because the motion to dismiss is an effort to "otherwise defend." *See* Fed. R. Civ. P. 55(a).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Calderon-Ramirez v. McCarment*, 877 F.3d 272, 275 (7th Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) (quotations omitted). The Court "draw[s] all reasonable inferences in [the plaintiff's] favor." *Chaidez v. Ford Motor Co.*, 937 F.3d 998, 1004 (7th Cir. 2019) (citations omitted). "The purpose of a motion to dismiss is to test the sufficiency of the complaint, not decide the merits." *Triad Assocs. Inc. v. Chi. Housing Auth.*, 892 F.2d 583, 586 (7th Cir. 1989). That said, the Court will not accept legal conclusions or conclusory allegations as sufficient to state a claim for relief." *McCauley v. City of Chicago*, 71 F.3d 611, 617 (7th Cir. 2011).

## **Federal Law Claims**

The Court begins with the plaintiff's federal claims, as the existence of a federal claim is necessary for the Court to exercise supplemental jurisdiction over the state law claims. *See* 28 U.S.C. § 1367(c)(3). The plaintiff brings a hostile work environment claim and a retaliation claim against the defendants under Title VII; both claims fail. Title VII prohibits employers from discriminating against employees "because of their 'race, color, religion, sex, or national origin.'" *Trahanas v. Northwestern Univ.*, 64 F.4th 842, 853 (7th Cir. 2023) (quoting 42 U.S.C. § 2000e-2(a)(1)). First,

> To state a Title VII hostile work environment claim, a plaintiff must allege (1) [he] was subject to unwelcome harassment; (2) the harassment was based on [his] national origin or religion (or another reason forbidden by Title VII); (3) the harassment was severe or pervasive so as to alter the conditions of employment and create a hostile or abusive working environment; and (4) there is basis for employer liability.

*Huri v. Off. of the Chief Judge of the Cir. Ct. of Cook Cnty.*, 804 F.3d 826, 833–34 (7th Cir. 2015) (citing *Cooper-Schut v. Visteon Auto. Sys.*, 361 F.3d 421, 426 (7th Cir. 2004)). As the defendants correctly point out, there are no allegations in the complaint that the plaintiff's "hostile work environment claim is attributable to race, religion, color, sex, or national origin." (R. 29 at 9.) The plaintiff's unsupported contention that Title VII "need not [be] confine[d]" to the statute's discrimination categories is unavailing. (R. 32 at 14; *see Bilow v. Much Shelist Freed Denenberg, Ament & Rubenstein, P.C.*, 277 F.3d 882 (7th Cir. 2001) ("Under [ ] Title VII . . . a [ ] plaintiff

2

*must* show that [he] belongs to a protected class.") (citations and quotations omitted) (emphasis added). The plaintiff's Title VII hostile work environment claim is dismissed.

Likewise, "Title VII prohibits an employer from retaliating against an employee 'because he made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing.'" *Lewis v. Ill. Cent. R.R. Co.*, 39 F.4th 903, 911 (7th Cir. 2022) (quoting *Igasaki v. Ill. Dep't of Fin. & Pro. Regul.*, 988 F.3d 948, 959 (7th Cir. 2021)). The problem here is that the plaintiff's complaint does not allege that he was retaliated against for his participation in an investigation, proceeding, or hearing. Rather, the complaint lists the following activities for which the plaintiff was allegedly retaliated against: "requesting FMLA leave and opposing financial mismanagement . . . and withholding information from trustee member[s] in violation of Village Board rule[s] and federal rules governing the use and distribution of federal funds." (R. 1 ¶ 57.) These claims do not fit the statutory parameters; even if they did, the allegations in the complaint are conclusory statements of fact and are insufficient. (*See, e.g.*, *id.* ¶¶ 17–20, 55.) As such, the Title VII retaliation claim is also dismissed.

The plaintiff also alleges that the defendants violated the FMLA. Specifically, as explained in his response brief, he alleges that the refusal by the defendants to provide him with FMLA paperwork "constitutes an interference under 29 U.S.C. § 2615(a)(1) and retaliation under 29 U.S.C. § 2615(a)(2)." (R. 32 at 16.) The defendants only move to dismiss the claim on the basis that it "fail[s] to state a claim against Burgess in his official capacity[.]" (R. 29 at 9.) In support, the defendants rely on *Minix v. Canarecci*, 597 F.3d 824, 830 (7th Cir. 2010), for the proposition that an "official capacity suit is redundant because naming an officer in his official capacity is, in actuality, naming the City." (R. 29 at 10.) That is not what the case says. In *Minix*, the court found that a judgment against the defendant Sheriff in his official capacity "could not have been [used] towards any punitive damages claim, since . . . [the] official-capacity claim against the Sheriff is considered one against a municipality, and municipalities are immune from punitive damages in § 1983 suits." 597 F.3d at 830. That does not support the proposition that the suit against Burgess should be dismissed for failure to state a claim.[2]

That said, the Court finds it necessary to address whether the FMLA allegations state a claim for which relief can be granted. If it does not, the Court can dismiss *sua sponte* under Rule 12(b)(6), "provided that a sufficient basis for the court's action is evident from the plaintiff's pleading." *Ledford v. Sullivan*, 105 F.3d 354, 356 (7th Cir. 1997) (citing *Apostol v. Landau*, 957 F.2d 339, 343 (7th Cir. 1992)).

---

[2] The defendants also argue that no summons was ever issued to Burgess and that there are no allegations against Burgess in his individual capacity. (R. 29 at 10.) The Court agrees that there are no allegations against Burgess in his individual capacity.

"The FMLA makes it 'unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided.'" *Brown v. Chi. Transit Authority*, No. 22 C 675, 2025 WL 964540 (N.D. Ill. Mar. 31, 2025) (quoting 29 U.S.C. § 2615(a)(1)). To succeed on an interference claim, the plaintiff must allege that "(1) he was eligible for the FMLA protections; (2) his employer was covered by FMLA; (3) he was entitled to take leave under FMLA; (4) he provided sufficient notice of [his] intent to take leave; and (5) [his] employer denied [him] FMLA benefits to which he was entitled." *Curtis v. Costco Wholesale Corp.*, 807 F.3d 215, 223 (7th Cir. 2015) (citations and quotations omitted). As to elements one and two, the plaintiff alleges that he was an eligible employee as defined by the FMLA, and that the "defendant" was an eligible employer under the statute. (R. 1 ¶¶ 54–55.) Because the plaintiff alleges that he attempted to secure the paperwork for FMLA leave, the Court may draw the reasonable inference that he was entitled to take such leave. (*See, e.g.*, *id.* ¶¶ 17, 57.) The defendants' refusal to provide the paperwork "without explanation or a means to cure deficiencies in [the plaintiff's] request or the method to appeal the refusal decision in said request," also leads to the reasonable inference that the plaintiff attempted to apply and provided notice of that intent, but was denied. (*Id.* ¶ 57.) Accordingly, the plaintiff has stated an interference claim under the FMLA.

In addition, retaliation under the FMLA "requires pleading '(1) [the plaintiff] engaged in a protected activity; (2) [his] employer took an adverse employment action against [him]; and (3) there is a causal connection between the protected activity and the adverse employment action." *Castelli v. JSN Network, Inc.*, No. 24 C 04574, 2025 WL 371832, at *5 (N.D. Ill. Feb. 3, 2025) (quoting *Pagel v. TIN Inc.*, 695 F.3d 622, 627 (7th Cir. 2012)). The plaintiff alleges that he requested the FMLA paperwork in April 2023 and was refused. (R. 1 ¶ 17.) He was then terminated on May 8, 2023. (*Id.* ¶ 19.) As the Court noted, it is reasonably inferred that the plaintiff was entitled to FMLA benefits. It is not a leap to suggest that the denial of the plaintiff's right to exercise FMLA benefits caused his termination. Therefore, the claim of retaliation under the FMLA may proceed.

**State Law Claims**

The defendants argue that under the Local Government and Governmental Employees Tort Immunity Act ("Tort Immunity Act" or "TIA"), the plaintiff's state claims are time barred. (R. 29 at 1–2.) "A complaint can . . . fail to state a claim under Rule 12(b)(6) '[i]f the allegations of the complaint show that relief is barred by the applicable statute of limitations.'" *Cunliffe v. Wright*, 51 F. Supp. 3d 721, 730 (N.D. Ill. 2014) (quoting *Limestone Dev. Corp. v. Vill. of Lemont, Ill.*, 530 F.3d 797, 802 (7th Cir. 2008)). Such a defense "may be raised in a motion to dismiss if the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense." *Id.* (quoting *Brooks v. Ross*, 578 F.3d 574, 579 (7th Cir. 2009)) (quotations omitted). Plaintiffs are not required to "anticipate affirmative defenses and address them"; that said, "'dismissal is appropriate when the plaintiff pleads himself out of court by

4

alleging facts sufficient to establish the complaint's tardiness.'" *Id.* (quoting *Cancer Found., Inc. v. Cerberus Capital Mgmt., LP*, 559 F.3d 671, 674–75 (7th Cir. 2009)).

Under the TIA, "[n]o civil action . . . may be commenced in any court against a local entity or any of its employees for any injury unless it is commenced within one year from the date that the injury was received or the cause of action accrued." 745 ILCS 10/8-101. According to the defendants, "[a]ll of the facts pled in the [c]omplaint occurred on or before the date of [the p]laintiff's discharge" on May 8, 2023. (R. 29 at 1.) However, the "[p]laintiff filed his complaint on June 3, 2024, one year and [twenty-three] days after his employment termination." (*Id.*) For that reason, the defendants contend, all of the plaintiff's state law claims are untimely.

The plaintiff responds only that the TIA does not apply to his Illinois law wrongful termination claim, Count I (R. 32 at 3); he does not address whether the TIA applies to the other state law claims. As such, the plaintiff has waived any argument that the TIA does not apply to Counts II–VI. *Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011) ("Longstanding under our case law is the rule that a person waives an argument by failing to make it before the district court."). Further, with regard to the wrongful termination claim, the plaintiff argues that "[c]ourts have repeatedly held that retaliatory terminations fall outside the scope of [TIA] immunity." (R. 32 at 3.) In support, the plaintiff cites *Smith v. Waukegan Park Dist.*, 896 N.E.2d 232 (Ill. 2008). But this case misses the mark. The Illinois Supreme Court held in *Smith* that section 2-109 of the TIA, an entirely different section of the statute not related to the statute of limitations, "provides public entities no immunity for retaliatory discharge based on the exercise of workers' compensation rights." 896 N.E.2d at 239. In other words, the *Smith* court considered whether immunity applied at all based on the facts in that case; here, the issue is whether the plaintiff filed his complaint in the time frame specified by the statute. He did not.

5

As a result, the plaintiff's state law claims are time-barred under the TIA. *See Cunliffe*, 51 F. Supp. 3d at 731 (holding that discharge in violation of public policy, retaliatory discharge, conspiracy, and intentional infliction of emotional distress claims were subject to the TIA's one-year bar) (collecting cases). The allegations in the complaint "are all based on how [the plaintiff] was treated during [his] employment and/or relate to [his] termination from that employment." *Id.*; (*see, e.g.*, R. 1 ¶¶ 11, 13 (alleging defamatory statements made during employment), 23–24 (describing the plaintiff's termination), 27–28 (describing factors that made up "hostile work environment"), 31 (defamation during employment), 39 (termination), 44 (actions causing emotional distress taking place in the course of employment).) "As such, the statute of limitations began running no later than" May 8, 2023, "when [the plaintiff] was notified of [his] termination, and expired one year later." *Cunliffe*, 51 F. Supp. 3d at 731. The plaintiff filed his complaint on June 3, 2024. (R. 1; R. 29 at 1.) This is outside the one-year statute of limitations. Therefore, because the plaintiff failed to plead timely, his state law claims must be dismissed.

Date: May 5, 2025

JEREMY C. DANIEL
United States District Judge